AUSA Assigned: AE

County of Investigation: Spokane

In Re: Affidavit for Criminal Complaint charging William Martin SHAWL with Escape in violation of Title 18, United States Code, Sections 751(a) and 4082(a)



## AFFIDAVIT

STATE OF WASHINGTON   )
                      ) ss
Spokane County        )

I, Christopher M. Fay, being first duly sworn on oath, do hereby depose and say:

### I. INTRODUCTION

1. I am employed as a United States Deputy Marshal with the United States Department of Justice, United States Marshals Service, currently assigned to the United States Marshals Service office in Spokane, Washington. I have served as a Deputy United States Marshal in the Eastern District of Washington since October 2016.

2. I am authorized to make arrests and conduct investigations of suspected violations of federal law, per: Title 18, United States Code, Section 3053; Title 28, United States Code, Section 564; and Title 28, United States Code, Section 566. My regular duties as a Deputy United States Marshal encompass,

AFFIDAVIT OF CHRISTOPHER M. FAY - 1

among other tasks, the investigation of all violations of federal law and related criminal activities, including but not limited to, offenses contained within Title 18 of the United States Code. I additionally assist with the movement of prisoners; serve court-ordered summons and arrest warrants; and frequently investigate and apprehend federal and state fugitives.

3. Prior to my appointment as a Deputy United States Marshal, I was employed as: a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives, from April 2015 until October 2016; and a Special Agent with the United States Department of Justice, Drug Enforcement Administration, from September 1999 until April 2015.

4. Prior to my appointment as a DEA Special Agent, I was employed as a Police Officer by the City of Chehalis, Washington, from August 1996 until September 1999. As a Police Officer, I participated in numerous investigations of violations of state and local narcotics, firearms, theft, and property crime laws.

5. During the course of my career as a law enforcement officer/investigator, I have conducted or participated in hundreds of investigations of criminal violations of local, state, and federal laws. While employed as a federal law enforcement officer/investigator with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and Drug Enforcement Administration, I directed,

coordinated, and/or participated in hundreds of criminal investigations of violations of federal narcotics, firearms, and money laundering laws, many of which resulted in prosecutions in United States District Court in multiple districts, including the Eastern District of Washington, the Western District of Washington, the District of Montana, the Southern District of Florida; and the Northern District of Ohio.

6. Based upon my training and experience, I am aware that Title 18, United States Code, Section 751(a) makes it unlawful for any person to escape, or attempt to escape, "from the custody of the Attorney General... if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense ..." Further, I am aware that, per Title 18, United States Code, Section 4082(a), "The willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to an institution or facility designated by the Attorney General, shall be deemed an escape from the custody of the Attorney General."

## II. PURPOSE OF AFFIDAVIT

7. This affidavit is being submitted in support a criminal complaint charging William Martin SHAWL with Escape, in violation of Title 18, United States Code, Sections 751(a) and 4082(a).

8. I am familiar with the facts as set forth herein. This affidavit does not contain all of the information known to me or to law enforcement regarding this investigation, but rather contains only those facts believed to be necessary to support the criminal complaint. I have personally participated in this investigation and the following information is derived from my personal observations, review of official court documents, and information provided by other sworn law enforcement officers and community corrections personnel.

### III. STATEMENT OF PROBABLE CAUSE

9. According to an Amended Judgment, filed July 17, 2013, in the United States District Court, Eastern District of Washington (*see* Case No. 2:13-CR-30-LRS-1 (ECF No. 38)), on July 10, 2013, William Martin SHAWL was sentenced to 34 months incarceration with the Bureau of Prisons, to be followed by 36 months of Supervised Release, subsequent to a conviction for a charge of Failure to Register (as a Sexual Offender), in violation of Title 18, United States Code, Section 2250(a).

10. According to a Judgment filed March 11, 2016, in the United States District Court, Eastern District of Washington (*see* Case No. 2:13-CR-30-LRS-1 (ECF No. 95)), on March 8, 2016, SHAWL was sentenced to an additional 13

months incarceration with the Bureau of Prisons, to be followed by 23 months of Supervised Release, subsequent to a finding that SHAWL had violated multiple conditions of his Supervised Release.

11. According to a Judgment filed March 15, 2017, in the United States District Court, Eastern District of Washington (*see* Case No. 2:13-CR-30-LRS-1 (ECF No. 114)), on March 14, 2017, SHAWL was sentenced to an additional 15 months incarceration with the Bureau of Prisons, subsequent to a finding that SHAWL had violated multiple conditions of his Supervised Release.

12. According to intake paperwork provided to me by Kathleen Singleton-Apel, Case Manager, on December 14, 2017, the Bureau of Prisons transferred SHAWL to the Spokane Residential Re-Entry Center located at 3614 E. Ferry Avenue, Spokane, Washington, 99202. Those documents show that, on December 17, 2017, SHAWL signed the Resident Handbook Acknowledgement and Escape/Abscond Consequences forms, thus agreeing that he understood the conditions for which he may be placed on escape/abscond status and a warrant issued for his arrest.

13. According to Bureau of Prisons form BP-A0205, Incident Report; Bureau of Prisons form BP-A0393, Notice of Escaped Federal Prisoner; and Spokane Residential Re-Entry Center "Escape/Abscond Report/Checklist"; on

April 8, 2018, between approximately 5:55 p.m. and 6:20 p.m., SHAWL was observed leaving the Spokane Residential Re-Entry Center without staff authorization.

14. On April 9, 2018, I interviewed Ms. Singleton-Apel, who confirmed that: (1) SHAWL left the Spokane Residential Re-Entry Center without staff authorization on April 8, 2018; (2) SHAWL had not returned to the Spokane Residential Re-Entry Center since leaving; and (3) SHAWL's current whereabouts are unknown.

## IV. CONCLUSION

11. Based on the foregoing facts, I believe that probable cause exists for the issuance of a Criminal Complaint for William Martin SHAWL, for Escape, in violation of Title 18, United States Code, Sections 751(a) and 4082(a).

//

//

//

//

//

//

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

_____
Christopher M. Fay
Deputy United States Marshal
United States Marshals Service

☒ Sworn to before me and signed in my presence.
☐ Sworn to telephonically and signed electronically.

Dated this 11 (14) day of April, 2018.

_____
Honorable John T. Rodgers
United States Magistrate Judge

AFFIDAVIT OF CHRISTOPHER M. FAY - 7